# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| STEPHEN BLACKSTONE, | ) | |
|---|---|---|
| | ) | Civil Action No. 2: 16-cv-0721 |
| Plaintiff, | ) | |
| | ) | United States District Court |
| v. | ) | Cathy Bissoon |
| | ) | |
| CELESTI KOSTELNIK and ROBERT KRAK, | ) | |
| | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed by Defendants be denied. (ECF No. 13).

**II.  REPORT**

Plaintiff Stephen Blackstone ("Plaintiff" or "Blackstone") is a state prisoner in the custody of the Pennsylvania Department of Corrections and is currently incarcerated at the State Correctional Institution at Greene ("SCI-Greene"). He brings this civil rights action under 42 U.S.C. § 1983 against staff dentists Celesti Kostelnik and Robert Krak, in their individual capacities, alleging claims of (1) retaliation against Defendant Kostelnik and (2) deliberate indifference to his serious medical needs against both Defendants.

Defendants filed a motion to dismiss ( ECF No. 13) and  Plaintiff responded in opposition. (ECF No. 19). The motion is ripe for review.

**A.  Factual Background**

The following allegations are included in Plaintiff's Complaint and are accepted as true and all reasonable inferences are drawn in a light most favorable to Plaintiff. *Phillips v. Cnty of*

1

*Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).[1] Distilled to its essence, the Complaint alleges that (1) Defendant Kostelnik intentionally withheld a mechanical soft food diet as a means of retaliation; and (2) both Defendants intentionally interfered and denied Blackstone his specific post-operative care as instructed by his oral surgeon.

On June 9, 2014, Blackstone was transported to University of Pittsburgh Medical Center for day surgery. Oral surgeon Dr. William Chung removed an impacted wisdom tooth along with a cyst in Blackstone's jawbone. Dr. Chung's specific post-operative care instructions stated that Blackstone was to be prescribed, *inter alia*, a mechanical soft food diet[2] for two to three weeks.

Upon his return to SCI-Greene, Blackstone was examined by Defendant Kostelnik, a staff dentist, who, notwithstanding Dr. Chung's instructions for a two to three week soft food diet, ordered a mechanical soft food diet which was to expire in seven days, on June 17, 2014. The kitchen staff, despite the order, failed to provide Blackstone with a mechanical soft food diet. Blackstone filed numerous grievances and complaints between June 10, 2014 and June 12, 2014, regarding not being provided a soft food diet. As a result of eating hard food, Blackstone alleges that his face swelled, he was in severe pain, and he began spitting up blood.

On June 13, 2014, Blackstone was re-evaluated by Dr. Kostelnik. He reported that he

---

[1] Additionally, "[i]n deciding motions under Rule 12(b)(6), courts may consider 'document[s] *integral to or explicitly relied* upon in the complaint,' or any 'undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *In re Asbestos Prod. Liabl. Litig. (No. VI),* 822 F.3d 125, 133 n.7 (3d Cir. May 16, 2016) (emphasis in original, internal citations omitted). Attached to the Complaint are Exhibits A – K, inclusive. The Court has reviewed and considered each of these exhibits in making this report and recommendation.

[2] "[A] mechanical soft diet uses foods that should be easily chewed. Most meats are ground or chopped, all fruits are soft (either bananas or canned fruit is used), all vegetables are cooked, and some vegetables may be chopped." Complaint, Exh. C., Final Appeal Decision, 9/18/2014.

was not being given the soft food diet. According to the complaint, Defendant Kostelnik was "hostile" with him and told him that she could not force the kitchen staff to provide Blackstone with a proper soft food diet. She also stated that she knew about the grievances he had filed and that she knew that his family was calling the institution to complain about him not receiving the proper soft food diet. She told Blackstone that she would call his housing unit to have him report to the dental department on June 16, 2014, to renew his soft food diet pass, before it expired on June 17, 2014.

When Blackstone returned to his housing unit, he filed a grievance against Dr. Kostelnik (No. 514455) reporting her hostile manner. Blackstone alleges that as a result of filing this grievance, Dr. Kostelnik did not call his housing unit on June 16, 2014, and his soft food diet pass expired.

On June 19, 2014, Blackstone filed a second grievance (No. 514920) against Dr. Kostelnik alleging retaliation and intentionally denying the post operative care instructions that were ordered by Dr. Chung. On that day, after eating hard food, the stitches in his mouth snapped, and he began to spit up blood again. He returned to the dental department where he was examined by Dr. Krak, who removed Blackstone's sutures, and prescribed additional pain medication and an oral rinse. On June 26, 2014, he was again seen by Dr. Krak after reporting blood and pus coming from his gums. Dr. Krak determined Blackstone had an infection at the extraction sight and placed Blackstone on antibiotics.

On July 7, 2014, Blackstone saw Dr. Chung for a post operative follow up. Dr. Chung ordered that Blackstone be placed on a 10-day soft food diet. Blackstone alleges that despite Dr. Chung's orders, neither Dr. Kostelnik nor Dr. Krak ordered the 10-day soft food diet. On July 13, 2014, Blackstone filed a grievance (# 518715) against Drs. Kostelnik and Krak in which he

3

stated that since his follow-up appointment with Dr. Chung on July 7, 2014, he had not been called to the dental department to receive his 10-day soft food diet pass.

Defendants have filed the instant motion contending that the complaint should be dismissed as Plaintiff has failed to state a claim for either retaliation or deliberate indifference to a serious medical need.

**B.      Standard of Review**

      1.      <u>Standard of Review</u>

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This " 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (*quoting Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions"

or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

**C. Discussion**

*1. Retaliation*

To establish a prima facie case of First Amendment retaliation in the prison context, the plaintiff must establish that: (i) his conduct was constitutionally protected; (ii) the prison officials caused him to suffer an adverse action, and (iii) there was a causal connection between the two. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).

Defendants argue that this claim should be dismissed as Blackstone has failed to allege that Dr. Kostelnik took any retaliatory action against him. However, the complaint clearly states that Dr. Kostelnik discontinued his soft food diet in retaliation for the grievances he filed.

Accepting the facts alleged in the complaint as true and construing them in the light most favorable to Blackstone, the Court finds that Blackstone has alleged enough to create a plausible retaliation claim against Defendant Kostelnik that should be allowed to continue beyond Defendants' motion to dismiss. The Court recognizes that discovery may well reveal that the alleged conduct does not give rise to a retaliation claim, but at this early stage of the litigation, the allegations of the Complaint must be accepted as true and all reasonable inferences must be drawn in Blackstone's favor.

5

Therefore, it is recommended that the motion to dismiss Blackstone's retaliation claim be denied and that the claim be allowed to proceed at this time.

   *2.   Deliberate Indifference*

In accordance with the Eighth Amendment's prohibition against cruel and unusual punishment, the government is obliged "to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Id.* at 104 (citation omitted). "[W]hether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed . . . deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Id.* at 104–05 (citations omitted). In the most general sense, a prison official violates the Eighth Amendment when the following two elements are established: (1) the inmate alleges an objectively serious deprivation by a prison official of food, clothing, shelter, medical care, or safety; and (2) the prison official acted with a sufficiently culpable state of mind to deprive the inmate of his right to food, clothing, shelter, medical care, or safety.

Blackstone argues that Defendants were deliberately indifferent to his serious medical needs when they improperly discontinued his mechanical soft food diet, as was recommended by the oral surgeon. Defendants respond that the treatment record establishes that Blackstone received extensive, appropriate and timely treatment for his dental issues, and that Blackstone's claims amount to nothing more than a disagreement with the course and scope of the treatment he received.

However, according to the Complaint, Dr. Chung's explicit post-operative instructions were for Blackstone to be prescribed a soft food diet for 2 to 3 weeks, and then after his follow

6

up appointment on July 7, 2014, Dr. Chung instructed that Blackstone be prescribed another soft food diet for 10 additional days.

Again, while recognizing that discovery may well reveal that the alleged conduct does not give rise to a deliberate indifference claim, the allegations of the Complaint must be accepted as true and all reasonable inferences must be drawn in Blackstone's favor. The Court finds that Blackstone has alleged enough to create plausible deliberate indifference claims against the Defendants and, thus, recommends that these claims be allowed to continue beyond the Defendants' motions to dismiss.

### III. CONCLUSION

For the reasons discussed above, it is respectfully recommended that the Motion to Dismiss (ECF No. 13) be denied.

Any party is permitted to file Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b), Fed.R.Civ.P. 6(d) and 72(b)(2), and LCvR 72.D.2, Blackstone, because he is a non-electronically registered party, may file objections to this Report and Recommendation by **June 12, 2017**, and Defendants, because they are electronically registered parties, may file objections by **June 7, 2017.** The parties are cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

s/ Cynthia Reed Eddy  
Cynthia Reed Eddy  
United States Magistrate Judge

Dated: May 24, 2017

cc: STEPHEN BLACKSTONE
GE5445
175 Progress Dr.
Waynesburg, PA 15370
(via U.S. First Class Mai)

Joseph G. Fulginiti
Department of Corrections
(via ECF electronic notification)